# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

PAMELA BELL,                          )
                                      )      Case No. 3:24-cv-378
    *Plaintiff*,                 )
                                      )      Judge Atchley
v.                                    )
                                      )      Magistrate Judge McCook
E.G. MEEK, SR., *et al.*,             )
                                      )
    *Defendants*.              )

## <u>MEMORANDUM OPINION AND ORDER</u>

Federal Rule of Civil Procedure 55(a) provides:

> When a party against whom a judgment for affirmative relief is sought has failed
> to plead or otherwise defend, and that failure is shown by affidavit or otherwise,
> the clerk must enter the party's default.

A defendant sued in federal court must file an answer or other responsive pleading within 21 days

after being served with the summons and complaint. FED. R. CIV. P. 12(a)(1).

This action was filed on September 16, 2024. [Doc. 1]. On September 24, 2024, Plaintiff

filed two proofs of service indicating that both Defendants were served via certified mail on

September 23, 2024. [Doc. 6]. The Court makes no finding as to the sufficiency of service.

After Plaintiff filed her two proofs of service, there was no further activity in this case for

over a month. Accordingly, the Court ordered Plaintiff to show cause why her claims should not

be dismissed for failure to prosecute. [Doc. 7]. Plaintiff timely responded by informing the Court

that she had not yet been able to communicate with Defendants and that she planned to move for

default if she did not hear from Defendants on or before January 6, 2025. [Doc. 8]. At the time,

the Court was satisfied with this response. [Doc. 9]. January 6th, however, came and went with

Plaintiff neither seeking default nor filing anything with the Court. As a result, the Court again

ordered Plaintiff to show cause why her claims should not be dismissed for failure to prosecute. [Doc. 10]. In this second show cause order, the Court placed Plaintiff on notice that if she failed to respond by February 5, 2025, this action would be dismissed without prejudice. [*Id.*]. This deadline has since expired, and Plaintiff has filed nothing with the Court.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with its previous order is due to her willfulness or fault, as it appears that Plaintiff received that order and chose not to comply. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's previous order has not prejudiced Defendants. As to the third factor, the Court previously notified Plaintiff that failure to timely comply with its previous order would result in dismissal of this action without further notice. [Doc. 10]. Finally, as to the last factor, the Court finds that alternative sanctions are not warranted as Plaintiff was given multiple opportunities to prosecute her case but has failed to do so and has now failed to comply with an order of this Court.

- 2 -

[*See* Docs. 7, 9–10]. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b). Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for failure to comply with a Court order pursuant to Federal Rule of Civil Procedure 41(b). A separate judgment order will enter.

   **SO ORDERED**.

                                                 */s/ Charles E. Atchley, Jr.*
                                                 **CHARLES E. ATCHLEY, JR.**
                                                 **UNITED STATES DISTRICT JUDGE**